UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DEBRA CLARK,

    Plaintiff,

v.

    Hon. Paul L. Maloney

    Case No. 1:17-cv-821

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act</u>. (ECF No. 16). Plaintiff's counsel seeks $4,058.20 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. See 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, see United States v. 0.376 Acres of Land, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendant has not asserted that her position was substantially justified.

On September 4, 2018, this matter was remanded to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Counsel now moves for an award of fees pursuant to the EAJA in the amount of $4,058.20, based upon 20.6 hours of work

compensated at an hourly rate of $197.00. Counsel requests, in the alternative, that he receive an EAJA award in the amount of $3,605.00, based upon 20.6 hours of work compensated at an hourly rate of $175.00. Defendant does not object to the number of hours counsel claims to have expended on this matter. Defendant does, however, object to counsel's request to be compensated at an hourly rate of $197. Defendant does not object to counsel's request, in the alternative, to be compensated at an hourly rate of $175.

The EAJA provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As courts recognize, the EAJA's statutory hourly rate "is a ceiling and not a floor." *Caviness v. Commissioner of Social Security*, 681 Fed. Appx. 453, 455 (6th Cir., Mar. 3, 2017). Counsel bears the burden of "producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). Counsel must "produce satisfactory evidence. . .that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ibid.* Counsel does not satisfy his burden by simply submitting their own affidavits or "the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Ibid.*

Counsel argues that the increased hourly rate he seeks is consistent with the prevailing market rate in Northeastern Indiana where he practices. This evidence is unpersuasive, however, as the relevant market for assessing the reasonableness of an attorney fee request is "the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains an office and/or normally practices." *Adcock-Ladd v.*

*Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

Counsel also cites to the Department of Labor's Consumer Price Index (CPI) which, as noted above, does not advance counsel's position. Finally, counsel cites to an Economics of Law Practice survey published by the State Bar of Michigan. This survey likewise fails to advance counsel's position. As other courts have observed, this particular survey "is fairly generic and does not in any way drill down to social security practitioners specifically." *Thompson v. Commissioner of Social Security*, 2014 WL 4080417 at *1 (W.D. Mich., Aug. 14, 2014). Moreover, this survey includes responses from throughout the state of Michigan. As previously noted, however, billing rate information from locations beyond the vicinity of *this* Court is not presently relevant. In sum, the Court finds unreasonable counsel's requested hourly rate of $197 and instead finds more appropriate the increased hourly rate of $175 the Court has recently approved. *See Johnson v. Commissioner of Social Security*, 2018 WL 2134066 at *2 (W.D. Mich., May 9, 2018); *Barnes v. Commissioner of Social Security*, 2017 WL 6949277 at *1 (W.D. Mich., Dec. 20, 2017).

In sum, the Court finds reasonable counsel's requested number of hours (20.6) compensated at an hourly rate of $175. Accordingly, the Court recommends that EAJA fees be awarded in the amount of three thousand, six hundred five dollars ($3,605.00). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this award of EAJA fees must be entered in Plaintiff's favor. *Id.* at 591-93; see also, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's

<u>Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act</u>, (ECF No. 16), be **granted in part and denied in part**.  Specifically, the undersigned recommends that Plaintiff be awarded three thousand, six hundred five dollars ($3,605.00) pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Dated: February 14, 2019

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge

4